# EXHIBIT "A"



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NATIONAL OILWELL VARCO, L.P., a foreign Limited Partnership;
DNOW, L.P., a foreign Limited Partnership; KAY WILBANKS, an individual;
and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ASTIN HENRY an individual

<table>
<tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
<tr><td>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>DEC 0 9 2016<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Shaunya Bolden, Deputy</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court | CASE NUMBER:<br>*(Número del Caso)*<br>BC 6 43 350 |
|---|---|

111 N. Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Omid Nosrati, Esq. (SBN 216350) 1875 Century Park East, 6th Floor, Los Angeles, CA 90067, 310.553.5630

| DATE:<br>*(Fecha)* DEC 0 9 2016 | Clerk, by<br>*(Secretario)* SHERRI R. CARTER / SHAUNYA BOLDEN | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit A, Page 8

THE LAW OFFICE OF OMID NOSRATI
Omid Nosrati, Esq. (SBN 216350)
Tatiana Toroyan, Esq. (SBN 298970)
Stephanie Hernandez, Esq. (SBN 311739)
1875 Century Park East, 6th Floor
Los Angeles, California 90067
Telephone: (310) 553-5630
Facsimile: (310) 553-5691
Email: omid@nosratilaw.com
Email: tatiana@nosratilaw.com
Email: stephanie@nosratilaw.com

Attorney for Plaintiff,
ASTIN HENRY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 0 9 2016

Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

CENTRAL DISTRICT, UNLIMITED JURISDICTION

| | |
|---|---|
| ASTIN HENRY, an Individual;<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL OILWELL VARCO, L.P., a foreign Limited Partnership; DNOW, L.P., a foreign Limited Partnership; KAY WILBANKS, an Individual; and DOES 1 through 25, inclusive;<br><br>Defendants. | Case No. **BC 6 43 350**<br><br>COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES<br><br>1. Discrimination Based on Sex [Cal. Gov't Code §12940(a)]<br>2. Discrimination Based on Physical Disability [Cal. Gov't Code §12940(a)]<br>3. Harassment Based on Sex [Cal. Gov't Code §12940(j)]<br>4. Failure to Prevent Discrimination Based on Sex and Physical Disability in Violation of the FEHA [Cal. Gov't Code §12940(k)]<br>5. Interference with the Family and Medical Leave Act ("FMLA")/California Family Rights Act ("CFRA") leave [29 U.S.C. §2614(a)(1); Cal. Gov't Code §12945.2(a), (t)]<br>6. Retaliation in Violation of the FMLA/CFRA [29 U.S.C. §2615(a)(2); Cal. Gov't Code 12945.2(l); 2 Cal. Code Regs. §7297.7]<br>7. Retaliation in Violation of the FEHA [Cal. Gov't Code §12940(h)]<br>8. Wrongful Termination in Violation of Public Policy<br><br>DEMAND FOR JURY TRIAL |

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A, CA 90067

# I.

## PARTIES

1.    Plaintiff ASTIN HENRY ("Plaintiff") is a female, and is, and was at all times relevant for purposes of this Complaint, a resident of the State of California.

2.    Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, Defendants NATIONAL OILWELL VARCO, L.P. ("NATIONAL OILWELL") and DNOW, L.P. ("DNOW") are foreign limited partnerships, doing business in the State of California. Defendants NATIONAL OILWELL and DNOW are "employers" as defined by California Government Code sections 12926(d), 12940(a), 12940(h) and 12940(j)(4)(A) and were Plaintiff's joint employer.

3.    Plaintiff is informed and believes, and on that basis alleges, that at all times relevant hereto Defendant, KAY WILBANKS ("WILBANKS") is, and was at all times material herein, a resident of the State of California.

4.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 25, inclusive, and therefore sues Defendants by such fictitious names. Defendants DOES 1 through 25, at all times relevant for purposes of this Complaint were employees, agents, officers and/or members of the board of directors of Defendants. Plaintiff will amend this complaint to allege the true names and capacities of the Defendants designated herein as DOES 1 through 25, inclusive, when they have been ascertained.

5.    Plaintiff is informed and believes, and on that basis alleges, that Defendants designated herein as DOES 1 through 25, inclusive, are responsible in some manner for the acts, events and occurrences alleged herein, and caused or contributed to the damages sustained by Plaintiff.

6.    Plaintiff is informed and believes, and on that basis alleges, that at all times relevant for purposes of this Complaint, the Defendants designated herein as DOES 1 through 25, inclusive, acted as the agents, employees, directors, officers, co-venturers, and partners of the named Defendants and such fictitiously-named Defendants. Each of them, while acting in the course and scope of their agency, employment, corporate capacities, and partnership, performed the acts and

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A. CA 90067

conduct hereinafter alleged, and said acts and conduct were ratified and approved by each Defendant.

## II.

## JURISDICTION

7.     Defendants NATIONAL OILWELL, DNOW (collectively "Defendants") and/or DOES 1 through 25 are subject to suit under the California Fair Employment and Housing Act ("FEHA") as they regularly employ five or more persons in the State of California.  Gov't Code § 12926(d).  FEHA prohibits discrimination, harassment, and retaliation on the basis of disability, race, sex, color, national origin, ancestry and age, among other acts, by an employer against an employee.

8.     Defendant WILBANKS and/or DOES 1 through 25 are individuals subject to suit under the FEHA.  Gov't Code § 12940(j)(3).

9.     Plaintiff has exhausted all administrative remedies necessary and has timely brought this action.  (Plaintiff's DFEH Complaint and Right to Sue Notice are attached as Exhibit 1).

10.    This court has jurisdiction to hear both statutory and common law claims against Defendants and DOES 1 through 25.

## III.

## FACTS COMMON TO ALL CAUSES OF ACTION

11.    At all relevant times, Plaintiff was an employee for Defendants from in or around March 2014 until her wrongful termination on or about June 10, 2016.

12.    In or around September 2015, Plaintiff notified her direct supervisor, Defendant WILBANKS, that she was pregnant and was having a complicated pregnancy requiring more doctor's appointments than expected.

13.    On about January 18, 2016, Plaintiff began her family medical leave and she remained on family medical leave until approximately on or about April 18, 2016.  Prior to Plaintiff taking leave, Plaintiff's job title was Inside Sales Representative for the Mill and Tool Safety Department.

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, LA, CA 90067

Exhibit A, Page 11

14.     On or about April 18, 2016, Plaintiff returned from leave.  She informed WILBANKS that she had a difficult delivery and had continued fibroid issues that were aggravated by her pregnancy and she may need to have surgery.

15.     On or about April 18, 2016, WILBANKS condescendingly told Plaintiff, that "you must be really emotional" and "it must be really hard to leave your baby," or words to that effect. Additionally, WILBANKS mentioned that another employee, Ms. Young had taken over her position and that Plaintiff would no longer be performing her regular work duties.

16.     Instead of Plaintiff returning to the position she had prior to leaving for maternity leave, WILBANKS placed Ms. Young in Plaintiff's position, who WILBANKS had previously said would only cover for Plaintiff while she was on leave.

17.     WILBANKS placed Plaintiff as a floater, a position that no other employee had, to assist another employee perform work duties that she never previously had nor had ever been previously trained to perform.

18.     As a floater, Plaintiff was trained by Christina Bennett ("Ms. Bennett"), who would easily dismiss Plaintiff's questions and, as a result, failed to provide proper training to Plaintiff. Plaintiff complained to WILBANKS that as a result of Ms. Bennett belittling her and avoiding answering her questions about tasks that needed to be performed, Plaintiff would need to ask other co-workers questions.  WILBANKS ordered Plaintiff to not ask other co-workers for assistance. Plaintiff is informed and believes that WILBANKS instructed other co-workers that they were not allowed to aid Plaintiff.  Additionally, for the first two or three weeks after Plaintiff's returned from leave, Plaintiff did not have full access to the computer system to process orders.  Plaintiff felt as if she was being set up for failure.

19.     On or about May 13, 2016, Plaintiff forgot her wallet at home. Her mother came, along with Plaintiff's baby daughter, to work to deliver her wallet.  Plaintiff's co-workers asked to see the baby.  Later that day, WILBANKS sneeringly told Plaintiff that it was a distraction to have children at the office and "to make sure not to bring [her] daughter into work often."

20.     Throughout this time, Plaintiff continued to suffer from her fibroids condition. A few

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, LA, CA 90067

-4-

COMPLAINT

weeks after Plaintiff returned from leave, she asked WILBANKS if she could go home early due to severe lower abdomen pain. On or about May 31, 2016 through on or about June 1, 2016, Plaintiff took two days off due to her continued pain caused by her fibroids condition. Upon her return, WILBANKS informed Plaintiff that, "people notice when you're not here," or words to that effect. Plaintiff felt deterred from taking any more days off after WILBANKS confronted her.

21. On or about June 3, 2016, at approximately 8:00 a.m., Plaintiff met with WILBANKS, and Nick Leute ("Mr. Leute"), Branch Manager. Erica Gatewood ("Ms. Gatewood"), Human Resources Representative, was participating telephonically. Plaintiff was told that although she was doing a great job, Plaintiff's position would be eliminated and that she had a choice to either be demoted to an Administrative Assistant position with a lower hourly rate or to resign. The Administrative Assistant position would pay less than the position Plaintiff held prior to taking maternity leave.

22. Additionally, during the meeting, Plaintiff was informed that the company was restructuring. However, Defendants' reason was mere pretext because in Plaintiff's position as a floater, she was performing the same work duties as another Inside Sales Representative. Plaintiff is informed and believes that this employee's position was not eliminated.

23. Furthermore, during the meeting, Plaintiff was instructed to log out of the network and go home for the remainder of the day. Plaintiff was escorted to her desk by WILBANKS and Mr. Leute to make sure that she logged out of the system and left the premises.

24. On or about June 3, 2016, at approximately 9:00 a.m. or 10:00 a.m., Plaintiff telephoned Ms. Gatewood to complain that her work duties were given to another employee upon her return from maternity leave. On or about June 6, 2016, at approximately 7:49 a.m., Plaintiff submitted a formal written complaint to Ms. Gatewood stating that WILBANKS had taken her job away because she went on maternity leave, among other allegations. After her formal complaint, WILBANKS and Mr. Leute either completely ignored or avoided her at work. Additionally, WILBANKS purposely avoided giving Plaintiff work assignments and instead assigned them to Ms. Young and Bill Reed ("Mr. Reed"), Inside Sales Representatives.

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, LA, CA 90067

Exhibit A, Page 13

25.     On or about June 6, 2016, at approximately 2:00 p.m., Plaintiff telephoned Ms. Gatewood and asked why the company was restructuring when she was hired before Ms. Young and Mr. Reed, an employee that was hired for a similar Inside Sales Representative position while Plaintiff was on maternity leave.  She added that their positions were not eliminated.  Ms. Gatewood told her that the decision was not because of a restructuring, but it was "the economy," or words to that effect.

26.     On or about June 7, 2016, Plaintiff sent two more emails to Ms. Gatewood complaining about harassment on the basis of Plaintiff's pregnancy and informing her that she was experiencing stress and anxiety as a result.

27.     On or about June 10, 2016, at approximately 10:54 a.m., Ms. Gatewood sent Plaintiff an email indicating that she had allegedly investigated Plaintiff's complaint and found that there was allegedly no harassment or retaliation.

28.     On or about June 10, 2016, approximately one hour after Ms. Gatewood emailed Plaintiff about allegedly concluding the investigation, Plaintiff met with WILBANKS, Mr. Leute, and a Human Resources Representative, telephonically present.  The Human Resources informed Plaintiff that DNOW "need[s] to let you go," or words to that effect.  No reason was provided for Plaintiff's termination.

29.     Following Plaintiff's termination, Plaintiff sought medical treatment due to stress, and anxiety. Plaintiff also suffered economic damages as a result of her termination.

IV.

## FIRST CAUSE OF ACTION FOR DISCRIMINATION BASED ON SEX IN VIOLATION OF THE FEHA [Cal. Gov't Code § 12940(a)]

(Against NATIONAL OILWELL, DNOW, and DOES 1 through 25, inclusive)

30.     Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 29 above, as though fully set forth in this cause of action.

31.     At all times relevant for purposes of this Complaint, the FEHA, Government Code section 12940(a), was in full force and effect and binding on Defendants.  The FEHA makes it

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 8TH FLOOR, L.A. CA 90067

-- 6 --
COMPLAINT

unlawful for an employer, on the basis of sex, "to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

32.     Defendants terminated Plaintiff based on her pregnancy and pregnancy related-disability.  Immediately upon Plaintiff's return from maternity leave, Defendants denied Plaintiff's previous position and was placed as a floater.  The employee who initially was only covering Plaintiff while she was on leave, remained in her position.

33.     Additionally, WILBANKS made inappropriate comments upon Plaintiff's return such as that she must be "feeling emotional" after returning from maternity leave.

34.     Furthermore, on or about May 31, 2016 and June 1, 2016, Plaintiff took two days off from work and when she returned WILBANKS stated, in a hostile tone, that "people notice when you're not here."  Plaintiff felt harassed and targeted by WILBANKS for taking two days off due to her severe pain caused by her pregnancy related-disability.

35.     Soon after Plaintiff returned from maternity leave and notified Defendants about her pregnancy related-disability, Defendants informed Plaintiff that her position was being eliminated under the pretext of restructuring.  However, another employee's similar position was not eliminated.  Defendants instead offered Plaintiff an ultimatum to accept a lower paying administrative assistant position or resign.

36.     Subsequently, Plaintiff made a complaint to Defendants about the discrimination and harassment she experienced relating to her pregnancy and pregnancy related-disability.  Four days later, after Plaintiff made her complaint, she was terminated by Defendants.

37.     As a proximate result of Defendants' conduct, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

38.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, LA, CA 90067

has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur, medical expenses as a result.  Plaintiff is informed and believes and thereon alleges that she will continue to experience said emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

39.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover such attorneys' fees and costs under California Government Code section 12965(b).

40.     The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of Defendants.

**V.**

**SECOND CAUSE OF ACTION FOR DISCRIMINATION BASED ON PHYSICAL**

**DISABILITY IN VIOLATION OF THE FEHA [Cal. Gov't Code §12940(a)]**

(Against NATIONAL OILWELL, DNOW and DOES 1 through 25, inclusive)

41.     Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 29 above, as though fully set forth in this cause of action.

42.     At all times relevant for purposes of this Complaint, the FEHA, Gov't Code §12940(a) was in full force and effect and binding on Defendants.  FEHA makes it unlawful for an employer, on the basis of physical disability, "to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

43.     Soon after Plaintiff informed Defendants of her pregnancy related condition of fibroids and her need for accommodations of taking some time off, Defendants offered Plaintiff an ultimatum of accepting a demotion or resigning.  Shortly thereafter, Defendants terminated Plaintiff

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, LA, CA 90067

Exhibit A, Page 16

because of her pregnancy-related disability.

44.     As a proximate result of Defendants' conduct, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

45.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur, medical expenses as a result.  Plaintiff is informed and believes and thereon alleges that she will continue to experience said emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

46.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover such attorneys' fees and costs under California Government Code section 12965(b).

47.     The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of Defendants.

///
///
///
///
///

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A. CA 90067

## VI.

### THIRD CAUSE OF ACTION FOR HARASSMENT BASED ON SEX AND PHYSICAL DIABILITY IN VIOLATION OF FEHA [Cal. Gov't Code § 12940(j)]

(Against All Defendants and DOES 1 through 25, inclusive)

48.     Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 29 above, as though fully set forth in this cause of action.

49.     At all times relevant for purposes of this Complaint, Government Code sections 12900 et seq. were in full force and effect and were binding on all Defendants.  Government Code section 12940(j)(1) states that it is unlawful "[f]or an employer...or any other person, because of...sex...to harass an employee..."

50.     During her employment, Plaintiff was subjected to harassment based on her sex from Defendant, WILBANKS.  From the moment Plaintiff returned from maternity leave until her termination, WILBANKS made several inappropriate comments, such as stating that Plaintiff must be "emotional" and that it must be hard to leave her baby, in a disdainful manner.

51.     Additionally, when Plaintiff had to miss work due to her pregnancy related-disability, WILBANKS told Plaintiff, in a hostile manner, that "people notice when you're not here." WILBANKS made Plaintiff feel as if this statement was in response to Plaintiff calling in sick from work due to her fibroids.

52.     Furthermore, when Plaintiff's mother came to her work with Plaintiff's daughter to return her wallet, on or about May 13, 2016, WILBANKS demanded that Plaintiff "make sure not to bring [her] daughter into work often."

53.     Moreover, when Plaintiff began her floater position and needed proper training, WILBANKS demanded that Plaintiff not ask questions about her work with other co-workers.  Said conduct was severe, pervasive, constant and continuous, and was offensive, humiliating and harassing to Plaintiff and would have been offensive to a reasonable person under Plaintiff's circumstances.

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, LA. CA 90067

Exhibit A, Page 18

54.    As a proximate result of Defendants' conduct, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

55.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur, medical expenses as a result.  Plaintiff is informed and believes and thereon alleges that she will continue to experience said emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

56.    The conduct of Defendants, and each of them, and their agents and employees as described herein, was malicious, fraudulent, and oppressive, and done with a willful and conscious disregard for Plaintiff's rights.

57.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover such attorneys' fees and costs under California Government Code section 12965(b).

58.    The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of Defendants.

///
///
///
///

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 8TH FLOOR, L.A. CA 90067

### VII.

### FOURTH CAUSE OF ACTION FOR FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT IN VIOLATION OF THE FEHA [Cal. Gov't Code § 12940(k)]

(Against NATIONAL OILWELL, DNOW and DOES 1 through 25, inclusive)

59.     Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 29 above, as though fully set forth in this cause of action.

60.     At all times relevant for purposes of this Complaint, the FEHA, Gov't Code §12900 et seq., was in full force and effect and binding on Defendants.  FEHA requires Defendants, among other things, "to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

61.     In perpetrating the above-described acts and failures to act, Defendants violated California Government Code §12940 by failing to take all reasonable steps necessary to prevent such discrimination and harassment based on sex and physical disability from occurring.

62.     Defendants repeatedly violated Gov't Code §12940(k).  Defendants' acts and failures to act include, but are not limited to, the following:

(a)     Having no policies, practices and procedures and/or failing to implement policies, practices and procedures and/or having ineffective policies, practices, and procedures regarding Defendants' obligations to refrain from discrimination and harassment;

(b)     Having no policies, practices and procedures and/or failing to implement policies, practices and procedures and/or having ineffective policies, practices, and procedures regarding the handling of complaints of discrimination and harassment;

(c)     Failing to investigate when discrimination and harassment were reported, despite there being such reports;

(d)     Failing to provide any and/or adequate training, education, or information to their personnel, and most particularly to management and supervisory

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A. CA 90067

– 12 –
COMPLAINT

personnel with regard to policies and procedures regarding preventing discrimination and harassment;

(e)   Failing to appoint a qualified, neutral third party to investigate an employee's allegations; and

(f)   Failing to transfer employee to a new supervisor under the same terms and conditions of employment.

63.   During the entire relevant period, Defendants failed to take all reasonable steps to prevent discrimination and harassment, and such discrimination and harassment was condoned, encouraged, tolerated, sanctioned, and ratified.

64.   During the entire relevant period, Defendants failed to provide any and/or adequate training, education, and/or information to their personnel, and most particularly to management and supervisory personnel with regard to policies and procedures regarding discrimination and harassment.

65.   During the entire relevant period, Defendants failed to take reasonable steps to prevent discrimination, harassment, and retaliation from being inflicted against Plaintiff.

66.   As a proximate result of Defendants' conduct, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.

67.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and has incurred and will likely incur, medical expenses as a result. Plaintiff is informed and believes and thereon alleges that she will continue to experience said pain and mental and emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A., CA 90067

68.     The conduct of Defendants, and each of them, and their agents and employees as described herein, was malicious, fraudulent, and oppressive, and done with a willful and conscious disregard for Plaintiff's rights.

69.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover such attorneys' fees and costs under California Government Code Section 12965(b).

70.     The acts taken toward Plaintiff were carried out by and/or ratified by Defendant and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

## VIII.

### FIFTH CAUSE OF ACTION FOR INTERFERENCE WITH FMLA/CFRA LEAVE [29 U.S.C. §2614(a)(1); Cal. Gov.'t Code §12945.2(a), (t)]

(Against NATIONAL OILWELL, DNOW and DOES 1 through 25, inclusive)

71.     Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 29 above, as though fully set forth in this cause of action.

72.     At all times mentioned in this complaint, the FMLA and CFRA were in full force and effect and were binding on Defendants.

73.     Parents are entitled to FMLA leave for the birth of their child as well as "to be with the healthy newborn child (*i.e.*, bonding time) during the 12-month period beginning on the date of birth. 29 C.F.R. §§825.120(a)(1) and (a)(2).

74.     Upon the parent's return to work, federal law requires an employee to be restored to the position of employment "held by the employee when the leave commenced or be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. §2614(a)(1).

– 14 –
COMPLAINT

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, LA, CA 90067

75.    The CFRA, enacted as the Moor-Brown-Roberti Family Rights Act under Government Code section 12945.2, is part of the FEHA.  Gov't Code §12900 et seq.

76.    Under the CFRA, the statue requires an employer to provide "a guarantee of employment in the same or a comparable position upon the termination of the leave."  Gov. C. §12945.2(a).

77.    It is an unlawful employment practice for a covered employer to interfere with, restrain or deny the exercise of, or the attempt to exercise, any rights under CFRA.  Gov. C. §12945.2(a), (t).

78.    Defendants were at all times material employers under the FMLA and CFRA. 29 C.F.R. §825.104(d); Cal. Gov't Code §12945.2(b).

79.    Plaintiff was a covered employee under the FMLA and CFRA.

80.    Here, Defendants interfered with Plaintiff's rights under FMLA and CFRA when they denied Plaintiff her right to be reinstated to her position as an Inside Sales Representative for the Mill and Tool Safety Department when she returned from FMLA/CFRA leave.  Instead, Defendants placed her as a "floater," a position that no other employee had and that was eliminated within weeks of Plaintiff's return to work.

81.    As a proximate result of Defendant's conduct, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

82.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur, medical expenses as a result.  Plaintiff is informed and believes and thereon alleges that she will continue to experience said emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A. CA 90067

Exhibit A, Page 23

trial.

83.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover such attorneys' fees and costs under California Government Code section 12965(b).

84.     The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of Defendants.

**IX.**

**SIXTH CAUSE OF ACTION FOR RETALIATION IN VIOLATION OF THE FMLA/CFRA**

**[29 U.S.C. §2615(a)(2); Cal. Gov.'t Code §12945.2(l); 2 Cal. Code Regs. §7297.7]**

(Against NATIONAL OILWELL, DNOW and DOES 1 through 25, inclusive)

85.     Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 29 above, as though fully set forth in this cause of action.

86.     Federal law prohibits employers from disciplining or discharging an employee because she has exercised her right to take FMLA leave, or from using such leave as a negative factor in an employment decision.  29 U.S.C. § 2615(a)(2); 29 C.F.R. §§825.220(a)(2).

87.     Likewise, an employer may not retaliate against an employee for exercising any right under the CFRA.  Cal. Gov't Code §§12940(h), 12945.2(l); 2 Cal. Code Regs. §7297.7; *Gibbs v. American Airlines, Inc.*, 74 Cal. App. 4th 1 (1999).

88.     Here, Plaintiff exercised her right to take FMLA and/or CFRA leave.  As a result of engaging in protected activity, Plaintiff suffered adverse employment actions by Defendant as set forth above, e.g., being removed from the position she had prior to maternity leave and being terminated.

89.     There is a causal link between Plaintiff's protected activity and the adverse

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A, CA 90067

– 16 –

COMPLAINT

employment actions taken against her due to Defendants' knowledge of Plaintiff's protected activity, the proximity of time between said protected activities and the retaliatory employment actions.

90.    Defendants' conduct as alleged above constituted unlawful retaliation in violation of the FEHA.

91.    As a proximate result of Defendant's conduct, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

92.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur, medical expenses as a result. Plaintiff is informed and believes and thereon alleges that she will continue to experience said emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

93.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover such attorneys' fees and costs under California Government Code section 12965(b).

94.    The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of Defendants.

///

///

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A., CA 90067

## X.

## SEVENTH CAUSE OF ACTION FOR RETALIATION IN VIOLATION OF THE FEHA

### [Cal. Gov't Code § 12940(h)]

(Against NATIONAL OILWELL, DNOW and DOES 1 through 25, inclusive)

95.     Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 29 above, as though fully set forth in this cause of action.

96.     It is an unlawful employment practice to discharge, expel, or otherwise discriminate against any person because the person has engaged in protected activity under Government Code §12940. [Cal. Gov't Code §12940(h)].  Plaintiff engaged in a protected activity by requesting or taking time off from work for her pregnancy-related disability, and making a complaint of discrimination and harassment based on sex against WILBANKS.

97.     As a result of engaging in protected activity, Plaintiff suffered adverse employment actions by Defendant as set forth above, e.g., being terminated.

98.     There is a causal link between Plaintiff's protected activity and the adverse employment actions taken against her due to Defendants' knowledge of Plaintiff's protected activity, the proximity of time between said protected activities and the retaliatory employment actions.

99.     Defendants' conduct as alleged above constituted unlawful retaliation in violation of the FEHA.

100.     As a proximate result of Defendant's conduct, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

101.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur, medical expenses as a result.  Plaintiff is informed and

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A. CA 90067

Exhibit A, Page 26

believes and thereon alleges that she will continue to experience said emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

102.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover such attorneys' fees and costs under California Government Code section 12965(b).

103.   The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of Defendants.

## XI.

## EIGHTH CAUSE OF ACTION FOR WRONFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against NATIONAL OILWELL, DNOW and DOES 1 through 25, inclusive)

104.   Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 29 above, as though fully set forth in this cause of action.

105.   Government Code section 12920 declares that it is the public policy of California that "it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation."

106.   California recognizes a tort claim of wrongful discharge based on a violation of fundamental and substantive public policy.  *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (1980).

107.   As set forth above, Plaintiff suffered adverse employment actions when Defendant terminated Plaintiff.  Thus, Defendants violated a fundamental public policy embodied under

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, LA., CA 90067

Exhibit A, Page 27

Government Code section 12920, the FMLA, and the CFRA.

108.    As a proximate result of Defendants' conduct, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

109.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur, medical expenses as a result.  Plaintiff is informed and believes and thereon alleges that she will continue to experience said emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

110.    The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1.  For all actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, together with prejudgment interest, according to proof;

2.  For compensatory and emotional distress damages in an amount according to proof;

3.  For punitive damages;

4.  For Attorney's fees;

5.  For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

THE LAW OFFICE OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A., CA 90067

6.   Costs of suit;

7.   For such other and further relief as the Court may deem just and proper.

Dated: December 8, 2016

THE LAW OFFICE OF OMID NOSRATI

By:
OMID NOSRATI
Attorney for Plaintiff,
ASTIN HENRY

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by California Code of Civil Procedure section 631.

Dated: December 8, 2016

THE LAW OFFICE OF OMID NOSRATI

By:
OMID NOSRATI
Attorney for Plaintiff,
ASTIN HENRY

– 21 –
COMPLAINT

Exhibit A, Page 29

**EXHIBIT 1**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email· contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

**AMENDED**

August 08, 2016

OMID NOSRATI
1875 CENTURY PARK EAST
LOS ANGELES California 90067

RE: Notice to Complainant or Complainant's Attorney
DFEH Matter Number: 602884-243564
Right to Sue: HENRY / NATIONAL OILWELL VARCO, L.P.

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing
Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve
these documents on the employer. You or your attorney must serve the complaint. If you do not
have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of
Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of
California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets
procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

Exhibit A, Page 31



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency — ..... — ............   GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

**AMENDED**

August 08, 2016

RE:  Notice of Filing of Discrimination Complaint
DFEH Matter Number: 602884-243564
Right to Sue: HENRY / NATIONAL OILWELL VARCO, L.P.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of
Fair Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. This case is not being investigated
by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to
Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

Exhibit A, Page 32



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency.                     GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                              DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

**AMENDED**

August 08, 2016

ASTIN HENRY
16172 Appleblossom Street
La Puente, California 91744

RE:  Notice of Case Closure and Right to Sue
DFEH Matter Number: 602884-243564
Right to Sue: HENRY / NATIONAL OILWELL VARCO, L.P.

Dear ASTIN HENRY,

This letter informs you that the above-referenced complaint was filed with the Department of Fair
Employment and Housing (DFEH) has been closed effective August 08, 2016 because an immediate
Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision
(b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against
the person, employer, labor organization or employment agency named in the above-referenced
complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity
Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure
or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

**AMENDED**

Enclosures

cc: DNOW L.P.

Kay Wilbanks

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

**BEFORE THE STATE OF CALIFORNIA**

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of                     DFEH No. 602884-243564
ASTIN HENRY, Complainant,
16172 Appleblossom Street
La Puente,  California  91744

vs.

NATIONAL OILWELL VARCO, L.P.,
Respondent,
7909 PARKWOOD CIRCLES DR.
HOUSTON,  Texas 77036

Complainant alleges:

1. Respondent **NATIONAL OILWELL VARCO, L.P.** is a subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).  Complainant believes respondent is subject to the FEHA.

2. On or around June 10, 2016, complainant alleges that respondent took the following adverse actions against complainant: Discrimination, Harassment, Retaliation Demoted, Denied a work environment free of discrimination and/or retaliation, Denied reinstatement, Terminated, .  Complainant believes respondent committed these actions because of their: Disability, Engagement in Protected Activity, Family Care or Medical Leave, Medical Condition - including cancer or cancer related medical condition or genetic characteristics, Sex - Pregnancy .

3. Complainant ASTIN HENRY resides in the City of La Puente, State of California.  If complaint includes co-respondents please see below.

DFEH 003-1

-5-

*Complaint ±DFEH No. 602884-243564*

Date Filed: August 08, 2016

Date Amended: December 07, 2016



**Co-Respondents:**
DNOW L.P.

7402 N. ELDRIDGE PKWY
HOUSTON Texas 77041

Kay Wilbanks
1111 West Artesia Blvd.
Compton California 90220

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

DFEH 883-1

-6-

*Complaint ± DFEH No. 602884-243564*

Date Filed: August 08, 2016

Date Amended: December 07, 2016

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

**Additional Complaint Details:**

I was an employee of National Oilwell Varco, L.P./DNOW L.P. (DNOW) from about March 2014 until my termination on or about June 10, 2016. In September 2015, I notified my direct supervisor, Kay Wilbanks (Ms. Wilbanks) that I had health issues, I was having a complicated pregnancy and would need more doctors appointments than expected. On or about January 18, 2016, I went on family medical leave until approximately April 18, 2016. My job title prior to going on maternity leave was Inside Sales.

When I returned from leave on or about April 18, 2016, I notified Ms. Wilbanks that I still had fibroid issues, that I had a hard delivery and that I may need surgery. That same day, Ms. Wilbanks told me that you must be really emotional and it must be really hard to leave your baby, or words to that effect. She also told me that another employee had taken over my position and that I would no longer be performing my regular work duties. Instead, Ms. Wilbanks told me that I would be a floater and help another employee perform work duties that I never previously had and for which I was never previously trained to do. I felt that Ms. Wilbanks was setting me up to fail in my new position. During mid or end of May 2016, Ms. Wilbanks also told me that people notice when youre not here, or words to that effect. I believe Ms. Wilbanks made this statement in response to me calling in sick from work around that time due to my fibroids. On or about June 3, 2016, at approximately 8:00 a.m., I had a meeting with Ms. Wilbanks, and Nick Leute (Mr. Leute), Branch Manager. Erica Gatewood (Ms. Gatewood), Human Resources Representative, was participating telephonically. I was told that I was doing a great job but my position would be eliminated and that I can either choose to get demoted to the Administrative Assistant position or to resign. During the meeting, I was told that the company was restructuring. As a floater, I was performing the same work duties as another Inside Sales representative. However, based on information and belief, this employees position was not eliminated.

At approximately 9:00 a.m. or 10:00 a.m. on June 3, 2016, I telephoned Ms. Gatewood to complain to her that my work duties were given to another employee upon my return from maternity leave. On or about June 6, 2016, at approximately 7:49 a.m., I submitted a formal written complaint to Ms. Gatewood, complaining that Ms. Wilbanks had taken my job away from me because I went on maternity leave, among other allegations. Following my formal complaint, Ms. Wilbanks and Mr. Leute either ignored or avoided me at work.On or about June 6, 2016, at approximately 2:00 p.m., I telephoned Ms. Gatewood and asked her why they were restructuring my position when there were other Inside Sales representatives who were hired after me and whose positions were not eliminated. Ms. Gatewood told me that the decision was not because of a restructuring, but because it was the economy, or words to that effect. On or about June 7, 2016, I sent two more emails to Ms. Gatewood, complaining about harassment

-7-

*Complaint ± DFEH No. 602884-243564*

Date Filed: August 08, 2016

Date Amended: December 07, 2016

DFEH 903-1

Exhibit A, Page 37

on the basis of my pregnancy and informing her that I was experiencing stress and anxiety as a result.On or about June 10, 2016, at approximately 10:54 a.m., Ms. Gatewood sent me an email indicating that she had allegedly investigated my complaint and found that there was allegedly no harassment or retaliation.  One hour later, I was told that DNOW need(s) to let (me) go, or words to that effect.  No reason was provided for my termination.  I believe I was terminated because of my pregnancy and/or pregnancy related disabilities and/or in retaliation for complaining about harassment/retaliation.  I also believe I suffered retaliation, including termination, for taking family medical leave. I also believe I suffered harassment due to my pregnancy.

DFEH 802-1

-8-

*Complaint ± DFEH No. 602884-243564*

Date Filed: August 08, 2016

Date Amended: December 07, 2016

**VERIFICATION**

I, **ASTIN HENRY**, am the Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On August 08, 2016, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

LOS ANGELES, CA
**ASTIN HENRY**

-9-

*Complaint ±DFEH No. 602884-243564*

Date Filed: August 08, 2016

Date Amended: December 07, 2016