# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ASTIN HENRY, an individual.<br><br>    Plaintiff,<br><br>vs.<br><br>NATIONAL OILWELL VARCO, L.P., a foreign Limited Partnership; DNOW, L.P. a foreign Limited Partnership; KAY WILBANKS, an Individual; and DOES 1 through 25, inclusive;<br><br>    Defendants. | Case No: 2:17-cv-00815-JFW (GJSx)<br><br>[Discovery Document: Referred to Magistrate Judge Gail J. Standish]<br><br>**PROTECTIVE ORDER ENTERED BASED ON STIPULATION OF THE PARTIES**<br><br>**SEE MODIFICATIONS IN BOLD, ADDED BY THE COURT** |

In order to facilitate the exchange of information and documents which may be confidential, private, or otherwise subject to limitations on disclosure due to federal or state laws, privacy rights, or otherwise, Plaintiff Astin Henry ("Plaintiff") and Defendants DNOW, L.P. and Kay Wilbanks ("Defendants") (collectively, the "Parties") stipulated to certain terms, which the Court incorporates into this Order, ***with modifications added in bold,*** as follows:

   **1.   Definitions.** The Parties stipulate to the following definitions:

      a.   "Proceeding" means the above-entitled proceeding, Case No. 2:17-cv-00815-JFW (GJSx).

      b.   "Court" means the District Judge John F. Walter and Magistrate Judge Gail Standish, or any other judge to which this Proceeding may be assigned,

including Court staff participating in such proceedings.

      c.    "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" under the provisions of this Stipulation and Protective Order.

      d.    "Designating Party" means the Party that designates Materials as "Confidential."

      e.    "Disclose," "Disclosed," or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

      f.    "Documents" is synonymous in meaning and scope with the definition of "documents" under Federal Rule of Civil Procedure 34(a).

      g.    "Information" means the content of Documents or Testimony.

      h.    "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

**2. Good Cause Statement.** This action is likely to involve Plaintiff's medical records and therefore, the disclosure of such records may violate Plaintiff's right to privacy and that of non-party witnesses. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**The parties are advised that this Order does not confer blanket**

**protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. This Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.**

    **3**. **No Waiver of Discovery Rights and Privileges.** The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to discovery, including any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

    **4. Designating Documents, Testimony, or Information as "Confidential."** Any Documents, Testimony, or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony, or Information is Disclosed or produced.

        a.    <u>Documents</u>. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

        b.    <u>Testimony</u>. For Testimony given in depositions the Designating Party may either:

            i.    identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

            ii.    designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to

identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

c. <u>Information</u>. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, must identify the "Confidential" portions.

**5. Inadvertent Production of Confidential Material.** The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Confidential Material during discovery in this Proceeding without a "Confidential" designation, does not waive any claim that the item is "Confidential."

a. <u>Notice</u>. If any Confidential Material is inadvertently produced without such designation, the Party that inadvertently produced the document must give written notice of the inadvertent production within 20 days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" (the "Inadvertent Production Notice").

b. <u>Receiving Party's Obligations</u>. After receiving the Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information must promptly destroy it and all copies thereof, or return it together with all copies of same to the producing Party's counsel at the producing

Party's expense. Should the receiving Party choose to destroy the inadvertently produced Document, Testimony, or Information, the receiving Party must notify the producing Party in writing of such destruction within 10 days of receipt of written notice of the inadvertent production. If this provision conflicts with any applicable law or rule regarding waiver of confidentiality through the inadvertent production of Documents, Testimony, or Information, such law will govern.

**6. Objecting to "Confidential" Designation.** If counsel for a Party receiving Documents, Testimony, or Information designated as "Confidential" objects to this designation, counsel for the receiving Party must advise counsel for the Designating Party in writing of the objection(s), including the specific reasons and support for such objections (the "Designation Objections"), and must comply with the dispute resolution process under Local Rule 37.1 et seq. Counsel for the Designating Party will have 30 days from receiving the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony, or Information pursuant to the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony, or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any existing designations on the Documents, Testimony or Information at issue in such Motion will remain in place. The Designating Party will have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. If the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony, or Information must be de-designated in accordance with the Designation Objection applicable to such material.

**7. Access to Confidential Materials.** Only the following persons may view Confidential Materials:

    a. The Parties;

    b. The Parties' counsel, including their partners, associates,

paralegals, assistants, staff, employees, contractors, and outside copying services who are working on this Proceeding and to whom it is necessary that the Confidential Materials be Disclosed for purposes of this Proceeding;

  c. Expert witness or consultants consulted by the Parties or their counsel in connection with the Proceeding;

  d. any person who authored, received, saw, or otherwise previously knew the contents of the Confidential Material;

  e. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

  f. mediator or approved settlement officer; and

  g. the Court.

**8. Certification Required of Experts Before Viewing Confidential Materials.** Before Confidential Materials are disclosed to any expert witnesses or consultants, the disclosing Party's counsel must provide a copy of this Stipulation and Protective Order to such person, explain its terms to such person, and require them to sign the form attached as Exhibit A.

**9. Use of Confidential Materials.** Confidential Materials may only be used by the persons receiving them and only for the purposes of preparing for, conducting, participating in, or prosecuting or defending the Proceeding, and not for any other purpose.

  a. Medical information received through third-party discovery that predates January 1, 2010 and not already redacted will not be relied upon by the parties during the litigation. To the extent that such information is not already redacted, it will be redacted prior to use in depositions and proceedings.

  b. Medical information received through third-party discovery that concerns non-parties and not already redacted will not be relied upon by the parties during the litigation. To the extent that such information is not already redacted, it will be redacted prior to use in depositions and proceedings. Such medical

Henry Stipulation and Protective

6

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

information shall be for attorneys' eyes only.

**10. Relief from this Stipulation and Protective Order.** Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from, any provision of this Stipulation and Protective Order.

**11. Third-Party Designation of Documents, Testimony, or Information as "Confidential."** Any Documents, Testimony, or Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order. This designation will have the same force and effect, and create the same duties and obligations, as if made by one of the Parties. This designation will also function as a consent by the producing Party to the authority of the Court in the Proceeding to resolve any motion or other application made by any person or Party regarding the designation.

**12. Subpoena of Confidential Materials.** If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process from any government or other person or entity demanding production of Confidential Materials, the recipient of the subpoena must promptly notify counsel for the Designating Party by email, attaching a copy of the subpoena. Upon receiving this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the subpoena may not produce any Confidential Materials in response to the subpoena before the date specified for production in the subpoena.

**13. Notice of Disclosure of Confidential Materials.** If any non-

Designating Party becomes aware that any person, including the non-Designating Party, their employees, witnesses, consultants, or vendors, has disclosed Confidential Materials other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party must immediately notify the Designating Party and cooperate to the fullest extent possible in remedying such disclosure. The non-Designating Party providing notice and/or remedying the disclosure of Confidential Materials will not preclude the Designating Party from pursuing any remedies available under applicable law or procedural rules, including the imposition of sanctions against the non-Designating Party.

**14. Filing of Confidential Materials.**

**There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal.** *See Kamakana v. City and County of Honolulu*, **447 F.3d 1172, 1176 (9th Cir. 2006),** *Phillips v. Gen. Motors Corp.*, **307 F.3d 1206, 1210-11 (9th Cir. 2002),** *Makar-Welbon v. Sony Electrics, Inc.*, **187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.**

**Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.** *See Pintos v. Pacific Creditors Ass'n*, **605 F.3d 665, 677-79 (9th**

Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

The Parties must comply with Civil Local Rule 79-5 and General Order 62, which set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

15. **Duration and Use of Confidential Materials at Trial.**

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this Protective Order do not extend beyond the commencement of the trial.

**16. Stipulation and Protective Order Remain Binding after Proceeding Ends.** This Parties have agreed that the terms of their Stipulation will continue to be contractually binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party for relief from the provisions of their Stipulation.

**17. Destruction or Return of Confidential Materials after Proceeding Ends.** Upon written request made within 30 days after this Proceeding ends, the Parties will have 30 days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by parts (a) and (b) of this paragraph, file a motion seeking a Court order regarding proper preservation of such Materials. If permitted by law, the Court will retain jurisdiction to review and rule upon the motion referred to in part (c) of this paragraph.

**18. Confidential Materials Produced Before Filing of this Stipulation and Issuance of a Protective Order.** The Parties have agreed to be bound by the terms of their Stipulation as to any material produced prior to the filing of the Stipulation and entry of any Protective Order.

///
///
///

Henry Stipulation and Protective

10
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

**IT IS SO ORDERED.**

DATED: April 19, 2017

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Astin Henry v. National Oilwell Varco, L.P., et al.*, Case No. 2:17-CV-00815-JFW (GJSx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____